[No. 26-40409-2.    Division Two.    March 31, 1970.]

WILLIAM B. LEWIS *et al., Appellants, v.* EVELYN E. CULLINS *et al., Respondents.*

*Coons & Harrod* and *Curtis H. Coons,* for appellants.

*Niemeier & Green* and *C. Conrad Green,* for respondents.

PETRIE, J.—In 1965 plaintiff, William B. Lewis, sold 5 acres of land to defendant, Evelyn Cullins, for $2,500 to be paid in cash. The record shows that Lewis executed a statutory warranty deed and delivered it to the Pioneer National Title Insurance Company. Lewis also sent a check to the title company to cover the closing costs of the transaction. The title company subsequently had the deed recorded and issued a title insurance policy to Mrs. Cullins.

In April, 1967, plaintiff instituted this action claiming that he had not been paid any of the purchase price and asked alternatively for rescission or damages. During trial Mrs. Cullins and her son testified that she had paid Lewis the full purchase price in cash within several weeks after

negotiating the sale. Mr. Lewis denied being paid any portion of the sale price.

After trial to the court, the trial judge announced his intention to rule in favor of the defendant and dismiss the complaint. Prior to entry of judgment, plaintiff moved to reopen for presentation of further evidence, for reconsideration, or for a new trial based primarily upon a claim of newly discovered evidence tending to indicate that defendant had paid $350 cash to a Mr. Spruell on the same date she claimed to have paid plaintiff. The court denied the motion, and plaintiff appeals.

The memorandum opinion of the learned trial judge so succinctly sets out the facts and so lucidly explains his application of the law, that we adopt it as our own:

> After completion of trial, the plaintiffs have now moved for reconsideration or a new trial. This motion is based upon the plaintiff's affidavits with copies of invoices attached which would tend to throw doubt on the defendant's testimony relative to the manner in which the purchase price for the property involved is claimed to have been paid. I have carefully reviewed all of the testimony, the exhibits and the affidavits in support of this motion. I would agree that the new evidence offered would tend in some measure to contradict the defendant's testimony but the ultimate fact is that the net result would only be further confusion and contradiction.
>
> An examination of the savings account books supports both parties in certain respects and contradicts them in others. The affidavit of Mr. Spruell, for example, states that Mrs. Cullins withdrew $400 from the Silverdale Bank on June 25, 1965, but the deposit book shows no withdrawal whatsoever on that date but only a deposit of $2,111.60. This could possibly be explained but we still have no way of knowing what cash Mrs. Cullins had on hand as she testified that she kept very large sums hidden in her home and this apparently was true.
>
> I think we have here a rather familiar situation in which people untrained in the ways of business kept no books of account leaving the true facts impossible of discovery except for the parties' testimony. On the other hand, and in support of the defendant's position, the critical fact as I pointed out in my oral decision is that the

deed was actually delivered to the Title Company for recording. The plaintiff gave no escrow instructions to the Title Company but did deliver to them a check for the costs of title insurance, excise tax and recording. Three and a half months later the Title Company wrote the plaintiff for further instructions and he apparently completely ignored their letter. The burden of proof is on the plaintiff to overcome the presumption of delivery of the duly executed deed under these circumstances. *Martin v. Shaen,* 22 Wn.2d 505, [156 P.2d 681 (1945)].

It is also to be noted that according to the affidavit of counsel for the plaintiff, both he and the plaintiff had suspected another use of the money with which we are here concerned but after searching the record for a conditional sale, they failed to pursue the matter further which they could have done through interrogatories or depositions had they wished to do so. If the above referred testimony is vague regarding the defendants, it is equally uncertain and questionable in relation to the plaintiff. He could give no satisfactory explanation of his dealings with the Title Company. He did not respond to their letter and gave no satisfactory reason why he didn't accept the money when it was offered to him earlier in Port Angeles.

Under all of the circumstances, I feel that the plaintiffs' motion for reconsideration must be denied. The evidence he would now offer could have been revealed by further inquiry and could have been discovered with reasonable diligence and produced at the trial. Rule 59.04W, *Rules of Pleading, Practice and Procedure.*

As I have previously stated, I feel that the decision in this case must rest upon the fact that the deed was actually delivered with authorization that it be recorded. The plaintiff has failed to overcome the presumption arising from these facts and the new evidence would not change the results of the trial.

There was no abuse of discretion by the trial court. The judgment is affirmed.

ARMSTRONG, C. J., and PEARSON, J., concur.